# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| JAMES REEVES | * | |
| on behalf of B.E.R., | * | No. 12-702V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 9, 2015 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; DTaP vaccine; |
| AND HUMAN SERVICES, | * | seizure. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Anne C. Toale</u>, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
<u>Jennifer Leigh Reynaud</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On October 9, 2015, the parties filed a joint stipulation concerning the petition for compensation filed by James Reeves, on behalf of B.E.R., on October 17, 2012. In his petition, petitioner alleged that the diphtheria-tetanus-acellur pertussis ("DTaP") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which B.E.R. received on or about April 5, 2012, caused her to seizures. Petitioner further alleges that B.E.R. suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on B.E.R.'s behalf as a result of her condition.

Respondent denies that the DTaP vaccine caused B.E.R. to suffer seizures or any other injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $66,864.94, which amount represents reimbursement of a lien for services rendered on behalf of B.E.R., in the form of a check payable jointly to petitioner and**

> **Treasurer of the State of Ohio**
> **Ohio Tort Recover Unit**
> **350 Worthington Road, Suite G**
> **Westerville, OH 43082**
> **ATTN: Jeanny Blackledge**
> **Case Number: 966733**

**Petitioner agrees to endorse this payment to the Treasurer of the State of Ohio.**

**This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph b.**

b. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation paid to the life insurance company from which the annuity will be purchased.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-702V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JAMES REEVES, on behalf of B.E.R.,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent

No. 12-702V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. James Reeves ("petitioner"), on behalf of his minor child, B.E.R., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to B.E.R.'s receipt of a diphtheria-tetanus-acellular pertussis (DTaP) vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. B.E.R. received the vaccine on or about April 5, 2012.[1]

3. The vaccines were administered within the United States.

4. Petitioner alleges that B.E.R.'s DTaP vaccine caused B.E.R to suffer from seizures, the residual effects of which have occurred for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of B.E.R. as a result of her alleged condition.

---

[1] On that date, B.E.R. also received measles-mumps-rubella (MMR), inactivated polio virus (IPV), and varicella vaccines. However, petitioner does not allege that B.E.R. suffered any injury related to these other vaccines.

1

6. Respondent denies that the vaccines B.E.R. received, on or about April 5, 2012, caused B.E.R.'s seizures, or any other injury or condition; and denies that B.E.R. suffered the residual effects of her seizures for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of **$66,864.94,** which amount represents reimbursement of a lien for services rendered on behalf of B.E.R., in the form of a check payable jointly to petitioner and

> Treasurer of the State of Ohio
> Ohio Tort Recovery Unit
> 350 Worthington Road, Suite G
> Westerville, OH 43082
> ATTN: Jeanny Blackledge
> Case Number: 966733

Petitioner agrees to endorse this payment to the Treasurer of the State of Ohio.

The amount set forth in paragraph 8.a represents compensation for all damages that would be available under 42 U.S.C. § 300aa15(a), except as set forth in paragraph 8.b.

    b.    An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

1145-01-00-0123581-001-0129506

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of B.E.R., pursuant to which the Life Insurance Company will agree to make payments periodically to B.E.R. for all remaining damage that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. Level payments of $3,962.34 per year for 10 years certain beginning January 16, 2025; and,

    b. $2,280.49 per year for Life and 40 years certain beginning January 16, 2035, increasing at an annual compound rate of 4.0%.

The payments provided for in this paragraph 10 shall be made as set forth above. Should B.E.R. predecease the exhaustion of the payments set forth above, any certain payments shall be made to B.E.R.'s estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of B.E.R.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

3

12. As soon as practicable after entry of judgment on entitlement in this case, and after petitioner has filed a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorney's fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. sec. 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of B.E.R. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of B.E.R., on behalf of himself, B.E.R., and her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought,

could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.E.R. resulting from, or alleged to have resulted from, the vaccinations administered on or about April 5, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about October 17, 2012, in the United States Court of Federal Claims as petition No. 12-702V.

17. If B.E.R. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused B.E.R. to suffer seizures, or any other injury or condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of B.E.R.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*/s/ James Reeves*
JAMES REEVES

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Anne Carrion Toale*
ANNE CARRION TOALE
MAGLIO, CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5042

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ A. Melissa Houston*
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Jennifer L. Reynaud*
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

DATED: Oct 9, 2015

7